J-S43008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONALD EVANS | : | |
| | : | |
| Appellant | : | No. 254 EDA 2025 |

Appeal from the PCRA Order Entered December 10, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000679-2012

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                **FILED FEBRUARY 18, 2026**

Donald Evans appeals *pro se* from the order denying as untimely his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A §§ 9541-46. We affirm.

The pertinent facts and procedural history may be summarized as follows. On October 5, 2011, police arrested Evans and charged him with multiple crimes following a traffic stop which ended in a high speed chase during which Evans struck several vehicles. After Evans fled from his vehicle, police apprehended him and found large amounts of crack cocaine and money on his person. On October 4, 2012, a jury convicted Evans of four counts of aggravated assault, resisting arrest, recklessly endangering another person, fleeing or attempting to elude a police officer, accidents involving damage to

attended vehicle or property, and possession with intent to deliver a controlled substance.

On November 7, 2012, the trial court imposed an aggregate sentence of 24½ to 62 years of imprisonment. Evans filed a motion for reconsideration of sentence, which the trial court denied. Evans appealed. On September 19, 2013, we affirmed his judgment of sentence and, on December 10, 2014, our Supreme Court denied Evans' petition for allowance of appeal. *Commonwealth v. Evans*, 87 A.3d 386 (Pa. Super. 2013) (non-precedential decision), *appeal denied*, 104 A.3d 523 (Pa. 2014). Evans did not seek further review.

On July 29, 2015, Evans filed a timely *pro se* PCRA petition, and the court appointed counsel. Thereafter, PCRA counsel filed an amended petition, and the Commonwealth filed an answer. The PCRA court held an evidentiary hearing on October 2, 2019. By order entered November 22, 2019, the PCRA court denied Evans' first PCRA petition. Evans filed a timely *pro se* appeal and, following a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), the PCRA court granted Evans' request to represent himself on appeal. On July 20, 2021, this Court affirmed the denial of post-conviction relief. *Commonwealth v. Evans*, 260 A.3d 98 (Pa. Super. 2021) (non-precedential decision).

On September 23, 2024, Evans filed the *pro se* PCRA petition at issue.[1] On November 1, 2024, the PCRA court filed a Criminal Rule 907 notice of its intent to dismiss Evans second petition as untimely filed. Evans filed a response. By order entered December 10, 2024, the PCRA court dismissed Evans' second petition. This appeal followed.[2] The PCRA court did not require Appellate Rule 1925 compliance.

Evans raises 22 issues on appeal. Before considering Evans' multiple substantive claims, we must first determine whether the PCRA court correctly concluded that Evans' 2024 petition was untimely filed. The timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final, unless the petitioner alleges and proves that an exception to the time for filing the petition is met. The three

_____

[1] Almost two weeks earlier, Evans filed a *pro se* "Complaint: Newly-Discovered Evidence Police and Prosecution Misconduct." The PCRA court considered this filing together with Evans' second petition.

[2] In its opinion, the PCRA court stated that it was "was without evidence to make a proper determination whether" Evans' notice of appeal "was timely filed." PCRA Court Opinion, 3/19/25, at 6. According to the trial court docket, on January 15, 2025, Evans filed a *pro se* appeal from the PCRA court's December 10, 2024 order dismissing his second PCRA petition. The trial court record further indicated that notice of the dismissal order was mailed to Evans by first class mail rather than the required notice "by certified mail, return receipt requested." Pa.R.Crim.P. 907(4). Given this circumstances, we will deem Evans' notice of appeal timely.

narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231-233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception, "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Evans' judgment of sentence became final on March 10, 2015, ninety days after our Supreme Court denied his petition for allowance of appeal and the time for filing a writ of *certiorari* to the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Evans had until March 19, 2016, to file a timely petition. Because Evans filed his second PCRA petition in 2024, it is patently untimely, unless he has satisfied his burden of

pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

In his second PCRA petition, Evans acknowledged that the petition was untimely, but asserted that he could establish all three time-bar exceptions. Evans has filed a lengthy brief which, at various points, references each exception. From what we can discern, Evans asserts that his family recently received a disorderly conduct citation that was issued to a woman who was a passenger in Evans' car during the criminal incident for which he was charged and convicted. According to Evans, he never received this citation from the Commonwealth and the Commonwealth's failure to disclose it satisfied both the newly-discovered-fact and governmental interference exceptions to the PCRA's time bar. Additionally, Evans argues that his aggregate sentence included a mandatory minimum sentence that has since been declared unconstitutional; he therefore asserts that he has satisfied the newly-recognized constitutional right exception to the PCRA's time bar.

The PCRA statute and our precedent established the legal requirements to meet each time-bar exception. Regarding the governmental interference exception, Evans claims he can establish this exception because the Commonwealth committed a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Although a *Brady* violation might fall within the governmental interference exception to the PCRA's time bar, to meet this exception, the PCRA statute requires a petitioner to plead and prove: (1) the failure to

previously raise the claim was the result of interference by government officials, and (2) the information on which he relies could not have been obtained earlier with the exercise of due diligence. *Commonwealth v. Vinson*, 249 A.3d 1197. 1205 (Pa. Super. 2021).

We explained the newly-discovered-fact exception as follows:

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned of those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after-discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. Once jurisdiction is established, a PCRA petitioner can present a substantive after-discovered evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted).

Finally, we note that the new constitutional right exception has two requirements: 1) that the right asserted is a constitutional right that was

recognized by the U.S. Supreme Court or the Pennsylvania Supreme Court after the time restrictions of the PCRA, and 2) the right has been held by that court to apply retroactively. ***Commonwealth v. Miller***, 102 A.3d 988, 994 (Pa. Super. 2014).

Here, the PCRA court concluded that Evans failed to establish any time-bar exception because this assertion as to each exception is refuted by the record. As the court explained:

> Having reviewed the record, [the PCRA court] properly concluded [Evans] did not satisfy any exception under 42 Pa.C.S. § 9545(b)(1).
>
> Concerning [Evans'] allegation under the [the government interference exception at] 42 Pa.C.S. § 9545(b)(1)(i), the record is unequivocal, as [Evans] previously raised the claim and the citation was used by [Evans] during cross examination of Witness Sherry VanVladricken [at trial], there absolutely was no interference by governmental officials in preventing [Evans] from presenting the claim and the citation, and [Evans] cannot demonstrate the exception applies.
>
> Concerning [Evans'] allegation under the [newly-discovered-fact exception at] 42 Pa.C.S. § 9545(b)(1)(ii), the record is unequivocal, as [Evans] previously raised the claim and the citation was used by [Evans] during cross examination of Witness Sherry VanVladricken, the facts upon which the claim was predicated actually were known and had been ascertained during trial, and [Evans] cannot demonstrate the exception applies. The claim concerning the citation is not newly discovered evidence[.]
>
> Concerning [Evans'] allegations under [the new constitutional right exception at] 42 Pa.C.S. § 9545(b)(iii), [Evans' sentencing claims were] raised and addressed in [Evans'] previous PCRA petition and related appeals, and [the 2024] petition having been filed after the one-year time period after the statutes were ruled unconstitutional, [Evans] cannot demonstrate the exception applies.

PCRA Court Opinion, 3/19/25, at 11-12 (paragraph breaks added).

Given the above, there is no question that Evans has failed to establish any exception to the PCRA's time bar. Our review of the pertinent transcript confirms that Evans cannot establish due diligence because he had to be aware of the witness' citation as early as 2012 given its use at his jury trial. Moreover, Evans' constitutional sentencing claims were considered when we affirmed the denial of his first PCRA petition. *See Evans*, *supra*, (non-precedential decision at *14-15) (explaining that a review of the sentencing transcript revealed the trial court did not impose a mandatory minimum sentence). Finally, Evans cites no case law that has established a new constitutional right that has been recognized by the federal or state supreme court that has been held to apply retroactively.

In sum, because the PCRA court correctly concluded that Evans did not establish any exception to the PCRA's time bar, the court properly dismissed his 2024 petition as untimely filed. As such, neither the PCRA court nor this Court had jurisdiction to consider the merits of Evans' second petition. *Derrickson*, *supra*. We therefore affirm the PCRA court's order denying him post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>2/18/2026</u>